## COMMONWEALTH vs. DENNIS CRONIN.

Middlesex.   February 1, 1875.   AMES & DEVENS, JJ., absent.

On the trial of an indictment under the Gen. Sts. c. 87, §§ 6, 7, for keeping and maintaining a tenement for the illegal sale of intoxicating liquors, there was evidence of sales of liquor in the tenement, and also in the house of another person five rods from the tenement, where the defendant boarded, and that liquors had been carried from the boarding-house to the tenement. The government was permitted, against the defendant's objection, to put in the testimony of an officer to a seizure by him of liquor at the dwelling-house within the time covered by the indictment. *Held*, that the evidence was competent to prove that there were liquors in the boarding-house, and that as it did not appear that it was admitted for any other purpose, the defendant had no ground of exception.

INDICTMENT under the Gen. Sts. c. 87, §§ 6, 7, for keeping and maintaining a common nuisance, to wit, a tenement, in Wakefield, used for the illegal sale and illegal keeping of intoxicating liquors.

At the trial in the Superior Court, before *Wilkinson*, J., it appeared in evidence that ale had been sold in the tenement alleged to have been kept and maintained as a common nuisance by the defendant; that about five rods from the tenement, there was a house occupied by David Cronin, Jr., as a dwelling-house for himself and family, with whom the defendant boarded; but there was no evidence that the defendant exercised any control over the same. The government introduced evidence tending to show that ale had been carried from the said house of David Cronin, Jr., to the tenement in question, during the time mentioned in the indictment, but it did not appear by whom it had been so carried. The government offered to prove by an officer that a seizure of ale had been made by him at the dwelling-house of David Cronin, Jr., during the time covered by the indictment, to which the defendant objected; but the judge ruled that the evidence was admissible, and admitted the same under the defendant's objections. The jury returned a verdict of guilty, and the defendant alleged exceptions.

*E. A. Upton*, for the defendant, cited *Commonwealth* v. *Intoxicating Liquors*, 105 Mass. 595.

*W. G. Colburn*, Assistant Attorney General, for the Commonwealth.

By THE COURT. The only exception taken at the trial was to the admission of evidence of the seizure of liquors in the house where the defendant boarded, five rods from the tenement alleged to have been kept by the defendant. That evidence was admissible to prove that there were liquors in his boarding-house very near the tenement in question, and it does not appear by the bill of exceptions to have been admitted for any other purpose.

*Exceptions overruled.*